**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4244**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

RICHARD LAWRENCE BREWINGTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, Senior District Judge.   (5:15-cr-00285-H-1)

Submitted:  February 17, 2017          Decided:  April 12, 2017

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Lawrence Brewington appeals his 48-month sentence for five counts of possession of a firearm by a convicted felon and aiding and abetting. Brewington argues that the district court erred in applying a sentencing enhancement for engaging in the trafficking of firearms. For the reasons that follow, we vacate the court's judgment and remand for resentencing.

"In determining whether a district court properly applied the advisory [Sentencing] Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). The enhancement for trafficking firearms, U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2015), applies if two conditions are met. One, the defendant must have "transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual." USSG § 2K2.1 cmt. n.13(A)(i). Two, the defendant must have "[known] or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual . . . whose possession or receipt of the firearm would be unlawful; or . . . who intended to use or dispose of the firearm unlawfully." USSG § 2K2.1 cmt.

2

n.13(A)(ii).  Brewington does not dispute that he transferred the necessary number of firearms, but he argues that there was insufficient evidence to satisfy the knowledge requirement.

Having carefully reviewed the record, we agree that the evidence before the district court was insufficient to demonstrate that Brewington knew or had reason to believe that the firearms would be possessed unlawfully, or that their recipient intended to use or dispose of them unlawfully. Accordingly, we vacate Brewington's sentence and remand for resentencing without application of the firearm trafficking enhancement.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED